# In the United States Court of Federal Claims

**OFFICE OF SPECIAL MASTERS**
No. 20-254V
Filed: August 6, 2025

| | |
|---|---|
| ANNE MISHICA,<br><br>              Petitioner,<br>v.<br><br>SECRETARY OF HEALTH AND<br>HUMAN SERVICES,<br><br>              Respondent. | Special Master Horner |

*Jessi Carin Huff, Mctlaw, Mercer Island, WA, for petitioner.*
*Joseph Douglas Leavitt, U.S. Department of Justice, Washington, DC, for respondent.*

## ORDER ON MOTION TO REDACT[1]

On March 6, 2020, petitioner filed a petition under the National Childhood Vaccine Injury Act, 42 U.S.C. § 300aa-10, *et seq.* (2012), alleging that she suffered a shoulder injury as a result of her October 9, 2018 influenza ("flu") vaccination. (ECF No. 1.) On December 16, 2024, a decision was issued awarding petitioner damages for her injury. (ECF No. 83.) On December 30, 2024, petitioner moved to redact that decision. (ECF No. 85.) For the reasons discussed below, petitioner's motion is **DENIED.**

I. **Legal Standard**

Vaccine Rule 18(b) effectuates the opportunity for objection contemplated by Section 12(d)(4) of the Vaccine Act, which provides in relevant part, that

---

[1] Because this document contains a reasoned explanation for the action taken in this case, it must be made publicly accessible and will be posted on the United States Court of Federal Claims' website, and/or at https://www.govinfo.gov/app/collection/uscourts/national/cofc, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2018) (Federal Management and Promotion of Electronic Government Services). **This means the document will be available to anyone with access to the internet.** In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

1

> [a] decision of a special master or the court in a proceeding shall be disclosed, except that if the decision is to include information . . .
>
> (ii) which are medical files and similar files the disclosure of which would constitute a clearly unwarranted invasion of privacy,
>
> and if the person who submitted such information objects to the inclusion of such information in the decision, the decision shall be disclosed without such information.

§ 300aa-12(d)(4)(B).  The U.S. Court of Appeals for the Federal Circuit has not had occasion to interpret this section of the Vaccine Act.  There are, instead, two competing methods of interpretation endorsed by different decisions in the lower courts.  *See Langland v. Sec'y of Health & Human Servs.*, No. 07-36V, 2011 WL 802695 (Fed. Cl. Spec. Mstr. Feb. 3, 2011); *W.C. v. Sec'y of Health & Human Servs.*, 100 Fed. Cl. 440 (2011).

In *Langland*, the Chief Special Master examined a redaction request pursuant to Section 12(d)(4)(B) in the context of the common law traditions regarding redaction and public access, the E-Government Act, and other provisions of the Vaccine Act favoring public disclosure.  2011 WL 802695, at *5-8.  The Chief Special Master concluded that "the party seeking to seal a document faces a burden to show particularized harm outweighing the public interest in disclosure.  This common law background informs the correct construction of the language in section 12(d)(4)(B)(ii), and militates against routine redaction of all sensitive medical information from special masters' decisions." *Id.* at *8. Upon review of the redaction request at issue, the Chief Special Master concluded that the request was unsupported and only a redaction of the petitioner's minor child's name to initials and redaction of the child's birthdate was appropriate.  *Id.* at *10-11.

However, the Chief Special Master also observed that:

> One may readily conceive of medical information in a vaccine case that might be redacted by a special master, upon receiving a proper motion in accordance with Vaccine Rule 18(b), as meeting the 'clearly unwarranted' criterion.  Facts involving sexual misconduct or dysfunction, family medical history not pertinent to the vaccinee's claim, unrelated mental illness, or medical conditions inherently likely to bring opprobrium upon the sufferer, might well be redacted upon a proper motion.  Such redaction decisions can only be reached on a case-by-case basis.

*Langland*, 2011 WL 802695, at *9 (footnote omitted).

Subsequently, in *W.C.*, the Court of Federal Claims reviewed a redaction request in the context of the Freedom of Information Act ("FOIA"), which the court observed to employ language similar to Section 12(d)(4)(B) of the Vaccine Act. 100 Fed. Cl. at 458. The court focused on the idea that petitioner's request "must be weighed against the government's interest in public disclosure." *Id.* at 460-61. Focusing specifically on the identity of the petitioner, the court observed that it is the petitioner's medical history and adverse vaccine reaction, and not petitioner's own specific identity, that the public has an interest in seeing disclosed. *Id.*

*W.C.* has been interpreted as providing a more lenient standard for redaction as compared to *Langland*. *See, e.g.*, *K.L. v. Sec'y of Health & Human Servs.*, 123 Fed. Cl. 497, 507 (2015) (noting that the Special Master below "argued that even when a Special Master follows the lenient standard for redaction set forth in *W.C.*, requests for redaction have been denied because they failed to substantiate the basis for the request"). Nonetheless, special masters do not abuse their discretion by requiring petitioners to affirmatively demonstrate that redaction is justified regardless of which approach is preferred. *Id.* at 507-08 (finding that the special master's requirement that petitioner provide "sufficient cause to justify redaction" is not contrary to the Vaccine Act or prior precedent and explaining that "[e]ach Special Master must review every case and exercise his or her discretion, given the specific facts presented in that particular case").

Pertinent to this case, some petitioners move for redaction of their case captions to initials based on concerns about present and future employment relationships and opportunities. For example, in *Kelly v. Secretary of Health and Human Services*, petitioner expressed concerns about his relationship with his current employer and future opportunities due to being in a "sensitive" profession that relies on the public's trust. No. 16-1548V, 2023 WL 12025037, at *2 (Fed. Cl. Spec. Mstr. Feb. 16, 2023). I denied his motion to redact after finding no professional connection to vaccines specifically and no inflammatory or unusual allegations in the petition. *Id.* at *3-4. I concluded that "blanket fear" regarding association with the program does not justify redaction and further indicated that "it is not the undersigned's role to become involved in the ordinary management of petitioner's online presence." *Id.*

However, I also previously found that redaction to initials was justified based on future employment concerns when other facts were also present. Namely, where the petitioner's identity had initially been protected because she was a minor at the time of filing and the nature of the condition itself (narcolepsy) and her early life stage appeared especially likely to hamper future prospects. *A.T. v. Sec'y of Health & Human Servs.*, No. 16-393V, 2022 WL 819583, at *2 (Fed. Cl. Spec. Mstr. Jan. 13, 2022). *See also C.F. v. Sec'y of Health & Human Servs.,* No. 15-731V, 2023 WL 2583513, at *2 (Fed. Cl. Spec. Mstr. Feb. 24, 2023) (granting motion to redact based on similarity to *A.T.* as well as discussion within the decision of mental health care). Other Special Masters have been willing to grant motions to redact where a petitioner expressed concern that

disclosure of their medical information would lead to fewer opportunities for career growth due to perceived health limitations that would otherwise remain private. *See E.M.* v. *Sec'y of Health & Human Servs.*, No. 14-753V, 2021 WL 3702229 (Fed. Cl. Spec. Mstr. Aug. 6, 2021); *A.F. v. Sec'y of Health & Human Servs.*, No. 19-0446V, 2023 WL 2387810 (Fed. Cl. Spec. Mstr. Mar. 7, 2023).

As of July 29, 2024, Vaccine Rule 18 was amended to require an objecting party to submit documentation showing, inter alia, either that employment or personal safety would be adversely affected by release of the medical information contained in the decision at issue. Vaccine Rule 18(c)(1). A motion to redact "will be denied" if it only "contains a general objection to the disclosure of a party's name." Vaccine Rule 18(c)(2)(B).

## II.     Party Contentions

In her motion, petitioner requests that her name be reduced to initials within the decision awarding damages. She "objects to disclosure of her identifying information as an unwarranted invasion of privacy and respectfully requests redaction of her name to initials in the December 16, 2024 Decision." (ECF No. 85, ¶ 3.) Petitioner reasons that her request "stems from her employment as a physician and the unfortunate likelihood of discrimination based on her medical condition." (*Id.* ¶ 4.) She explains that "[t]he December 16, 2024 Decision discusses Petitioner's limitations to both her personal life and her job, noting that 'her injury has affected her sleep and limited her ability to work as a physician.'" (*Id.*) Petitioner argues that prior petitioners have been granted the same relief when employment concerns have been implicated. (*Id.* ¶ 8 (citing *P.M. v. Sec'y of Health & Human Servs.*, No. 16-949V, 2019 WL 8013921 (Fed. Cl. Spec. Mstr. Oct. 25, 2019); *E.M. v. Sec'y of Health & Human Servs.*, No. 14-753V, 2021 WL 3702229 (Fed. Cl. Spec. Mstr. Aug. 6, 2021)).) She argues there is no public interest in her identity and therefore her request "is the simplest way to protect Petitioner from unlawful use of her sensitive medical information, while affording the public access to the Court's substantive analysis of the evidence, injury and vaccination at issue herein." (*Id.* ¶ 12.)

Respondent did not file any response to petitioner's motion.

## III.    Discussion

As previously observed in *Kelly*, "[a]bsent demonstration of a clearly unwarranted invasion of privacy as contemplated by the Vaccine Act and Vaccine Rules, it is not the undersigned's role to become involved in the ordinary management of petitioner's online presence." 2023 WL 12025037, at *4. The type of disclosure petitioner wishes to avoid is an expected part of this program's petition process. It therefore does not in itself constitute a "clearly unwarranted" invasion of petitioner's privacy. Even if I granted the relief requested, petitioner's full name will still appear in the Federal Register as having filed this petition in the program. § 300aa-12(b)(2). This provision of the Vaccine Act

4

requiring publication of a notice of each petition, especially when read in conjunction with the "clearly unwarranted" language of Section 12(d)(4)(B), underscores that the statute did not contemplate affording petitioners anonymity as a matter of course. Thus, a motion to redact "will be denied" if it only "contains a general objection to the disclosure of a party's name." Vaccine Rule 18(c)(2)(B). Here, while petitioner does purport to provide a specific objection, her reasoning is too vague to be credited as more than a "general objection" to the disclosure of her name.

Petitioner is not persuasive in suggesting that she faces a "likelihood of discrimination" if the decision awarding damages is published in full. The decision at issue does not include any inherently sensitive subject of the type discussed in *Langland*. 2011 WL 802695, at *9. The injury at issue was a shoulder injury, not any condition that would lead to embarrassment or opprobrium and, apart from her own assertion of fatigue, petitioner has not actually explained how a shoulder injury would be viewed as incompatible with the duties of a physician. Indeed, apart from noting her place of employment in her petition, she has not otherwise confirmed any of the details of her own medical practice or the demands that it places on her. Moreover, even if an ongoing and significant shoulder injury could be broadly viewed as a career challenge for a physician, the decision at issue does not necessarily suggest or imply a permanent injury. (*See* ECF No. 83.) Petitioner's claim for compensation for future pain and suffering was denied. (*Id.* at 11-12.) Instead, the decision explicitly discussed the fact that petitioner's most recent orthopedic encounter confirmed that, despite some ongoing pain, petitioner had good strength and range of motion, and her physical therapy records indicated she was helping her mobility. (*Id.* at 4, 11-12.) Moreover, petitioner herself argued that she had not exhausted the available treatment modalities, suggesting that she "might" undergo surgery in the future. (*Id.* at 12.) Although the decision does discuss petitioner's assertion in her affidavit that her injury affected her ability to sleep and to work as a physician, this statement is vague, was not specifically credited, and, in any event, is not indicative of a permanent injury. (*Id.* at 5.) Moreover, petitioner's name was already publicly linked to the fact of her shoulder injury within the prior ruling on entitlement, which petitioner did not seek to redact.

The two prior cases cited by petitioner are distinguishable in that those cases involved conditions that were explained to be more chronically disabling. The dismissal decision in *P.M.* explained that the petitioner had an ongoing course of fluctuating symptoms of multiple sclerosis including motor deficits, weakness, fatigue, and vision loss. *P.M. v. Sec'y of Health & Human Servs.*, No. 16-949V, 2019 WL 5608859, at *3 (Fed. Cl. Spec. Mstr. Oct. 31, 2019). Yet, without a more detailed explanation of the harm he expected from disclosure, the petitioner still "just barely" demonstrated that even minimal redaction is appropriate. *P.M.*, 2019 WL 8013921, at *2. The *E.M.* petitioner had an ongoing, stable but fluctuating, course of small fiber neuropathy that included foot, trunk, and arm pain, burning sensations, increases in body temperature, and migraines. *E.M. v. Sec'y of Health & Human Servs.*, No. 14-753V, 2023 WL

10509841, at *6 (Fed. Cl. Spec. Mstr. Dec. 27, 2023).  The petitioner supported her motion to redact by explaining in reasonable detail the demands of her high stress job.  *E.M.*, 2021 WL 3702229, at *1-2.  And, although the petitioner's claim for future loss of earnings was denied, it was ultimately disclosed that she had previously relied on accommodations to cope with her injury.  2023 WL 10509841, at *8, *13, *17.

### IV.     Conclusion

There can be no question that publication of the decision at issue constitutes some intrusion into petitioner's privacy. The question to be resolved, however, is whether that intrusion is "clearly unwarranted." In that regard, petitioner's motion has failed to provide justification for redaction consistent with the above-discussed legal standard. While I sympathize with petitioner's desire for privacy, she has failed to substantiate that a balancing of the relevant considerations counsels any redactions to the decision dismissing her petition.  Accordingly, in light of all of the above, petitioner's motion is **DENIED**.

**IT IS SO ORDERED.**

**s/Daniel T. Horner**
Daniel T. Horner
Special Master
