# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
No. 20-254V
Filed: October 16, 2025
**CORRECTED**

|  |  |
|---|---|
| ANNE MISHICA,<br><br>            Petitioner,<br>v.<br><br>SECRETARY OF HEALTH AND<br>HUMAN SERVICES,<br><br>            Respondent. | Special Master Horner |

*Jessi Carin Huff*, Maglio Christopher & Toale, PA, Mercer Island, WA, for petitioner.
*Joseph Douglas Leavitt*, U.S. Department of Justice, Washington, DC, for respondent.

## DECISION ON ATTORNEYS' FEES AND COSTS[1]

On March 6, 2020, petitioner filed a petition under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*[2] (the "Vaccine Act"). (ECF No. 1) Petitioner alleged that she suffered a shoulder injury related to vaccine administration ("SIRVA") in her right shoulder following an influenza ("flu") vaccination that she received on October 9, 2018. On December 16, 2025, I issued my decision awarding damages. (ECF No. 83.)

On March 4, 2025, petitioner filed a motion for attorneys' fees and costs. (ECF No. 87.) ("Fees App.") Petitioner requests the following compensation: attorneys' fees and costs in the amount of $148,457.60, representing $135,749.70 in fees and $12,707.90 in costs. Pursuant to General Order No. 9, petitioner warrants she incurred $362.16 in costs in pursuit of this litigation. (Ex. 70 at 1.) On March 13, 2025,

---

[1] Because this Decision contains a reasoned explanation for the action taken in this case, it must be made publicly accessible and will be posted on the United States Court of Federal Claims' website, and/or at https://www.govinfo.gov/app/collection/uscourts/national/cofc, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2018) (Federal Management and Promotion of Electronic Government Services). **This means the Decision will be available to anyone with access to the internet.** In accordance with Vaccine Rule 18(b), Petitioners have 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all section references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2018).

respondent filed a response to petitioners' motion. (ECF No. 88.) Respondent argues that "[n]either the Vaccine Act nor Vaccine Rule 13 requires respondent to file a response to a request by a petitioner for an award of attorneys' fees and costs." *Id.* at 1. Respondent adds, however, that he "is satisfied the statutory requirements for an award of attorneys' fees and costs are met in this case." *Id.* at 2. Respondent "respectfully requests that the Court exercise its discretion and determine a reasonable award for attorneys' fees and costs." *Id.* at 4. Petitioner filed her reply requesting the Court award attorneys' fees and costs in full. (ECF No. 89).

This matter is now ripe for consideration.

**I.    Reasonable Attorneys' Fees and Costs**

The Vaccine Act permits an award of reasonable attorneys' fees and costs. § 15(e). The Federal Circuit has approved the lodestar approach to determine reasonable attorneys' fees and costs under the Vaccine Act. *Avera v. Sec'y of Health & Human Servs.*, 515 F.3d 1343, 1347 (Fed. Cir. 2008). This is a two-step process. *Id.* at 1347-48. First, a court determines an "initial estimate . . . by 'multiplying the number of hours reasonably expended on the litigation times a reasonable hourly rate.'" *Id.* (quoting *Blum v. Stenson*, 465 U.S. 886, 888 (1984)). Second, the court may make an upward or downward departure from the initial calculation of the fee award based on specific findings. *Id.* at 1348.

It is "well within the special master's discretion" to determine the reasonableness of fees. *Saxton v. Sec'y of Health & Human Servs.*, 3 F.3d 1517, 1521–22 (Fed. Cir. 1993); *see also Hines v. Sec'y of Health & Human Servs.*, 22 Cl. Ct. 750, 753 (1991). ("[T]he reviewing court must grant the special master wide latitude in determining the reasonableness of both attorneys' fees and costs."). Applications for attorneys' fees must include contemporaneous and specific billing records that indicate the work performed and the number of hours spent on said work. *See Savin v. Sec'y of Health & Human Servs.*, 85 Fed. Cl. 313, 316–18 (2008). Such applications, however, should not include hours that are "'excessive, redundant, or otherwise unnecessary.'" *Saxton*, 3 F.3d at 1521 (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983)).

Reasonable hourly rates are determined by looking at the "prevailing market rate" in the relevant community. *See Blum*, 465 U.S. at 894-95. The "prevailing market rate" is akin to the rate "in the community for similar services by lawyers of reasonably comparable skill, experience and reputation." *Id.* at 895, n.11. Petitioners bear the burden of providing adequate evidence to prove that the requested hourly rate is reasonable. *Id.*

Special masters can reduce a fee request *sua sponte*, without providing petitioners notice and opportunity to respond. *See Sabella v. Sec'y of Health & Human Servs.*, 86 Fed. Cl. 201, 209 (Fed. Cl. 2009). When determining the relevant fee reduction, special masters need not engage in a line-by-line analysis of petitioners' fee application. *Broekelschen v. Sec'y of Health & Human Servs.*, 102 Fed. Cl. 719, 729 (Fed. Cl. 2011). Instead, they may rely on their experience with the Vaccine Program to

2

determine the reasonable number of hours expended. *Wasson v. Sec'y of Dep't of Health & Human Servs.*, 24 Cl. Ct. 482, 484 (1991), *rev'd on other grounds and aff'd in relevant part*, 988 F.2d 131 (Fed. Cir. 1993). Just as "[t]rial courts routinely use their prior experience to reduce hourly rates and the number of hours claimed in attorney fee requests . . . Vaccine program special masters are also entitled to use their prior experience in reviewing fee applications." *Saxton*, 3 F.3d at 1521.

   a. **Hourly Rates**

Petitioner requests the following rates of compensation for her attorneys at mctlaw: Ms. Jessi Huff: $345.00 per hour for work performed in 2020, $370.00 per hour for work performed in 2021, $490.00 per hour for work performed in 2022, $385.00 per hour for work performed in 2022, $415.00 per hour for work performed in 2023, $445.00 per hour for work performed in 2024; and $498.00 per hour for work performed in 2025; for Ms. Jessica Olins: $290.00 per hour for work performed in 2022, $320.00 per hour for work performed in 2023, and $410.00 per hour for work performed in 2025; and, for Mr. Theodore Hong, $305.00 per hour for work performed in 2019, $323.00 per hour for work performed in 2020, and $350.00 per hour for work performed in 2021. These rates are consistent with what counsel have previously been awarded for their Vaccine Program work and I find them to be reasonable herein. I shall also award the requested paralegal time at the provided rates.

   b. **Hours Expended**

Attorneys' fees are awarded for the "number of hours reasonably expended on the litigation." *Avera*, 515 F.3d at 1348. Counsel should not include in their fee requests hours that are "excessive, redundant, or otherwise unnecessary." *Saxton*, 3 F.3d at 1521. While attorneys may be compensated for non-attorney-level work, the rate must be comparable to what would be paid for a paralegal or secretary. *See O'Neill v. Sec'y of Health & Human Servs.*, No. 08–243V, 2015 WL 2399211, at *9 (Fed. Cl. Spec. Mstr. Apr. 28, 2015). Clerical and secretarial tasks should not be billed at all, regardless of who performs them. *See, e.g., McCulloch*, 2015 WL 5634323, at *26.

Upon review, the overall number of hours billed appears to be reasonable. I have reviewed the billing entries and find that they adequately describe the work done on the case and the amount of time spent on that work. I do not find any of the entries to be objectionable, nor has respondent identified any as such. Petitioner is therefore awarded final attorneys' fees of $135,749.70.

   c. **Attorneys' Costs**

Like attorneys' fees, a request for reimbursement of attorneys' costs must be reasonable. *Perreira v. Sec'y of Health & Human Servs.*, 27 Fed. Cl. 29, 34 (Fed. Cl. 1992). Petitioner requests a total of $12,707.90 in attorneys' costs. Fees App. at 1. These costs are comprised of acquisition of medical records, the Court's filing fee, document signing fees, and postage. *See* Ex. 69. This amount also includes the expert

services of Naveed Natanzi, MD. *See* Ex. 35. Dr. Natanzi's invoice requires additional discussion.

It is incumbent upon counsel to apprise any and all experts they retain regarding the specific requirements for preparing invoices in the Vaccine Program. Furthermore, Petitioner's counsel must provide sufficient evidence to warrant approval of an expert's hourly rate. *See Vogler v. Sec'y of Health & Human Servs.*, No. 11-424V, 2013 WL 1635860, at *2 (Fed. Cl. Spec. Mstr. Mar. 24, 2013); *O'Neill*, 2015 WL 2399211, at *2, 15. Dr. Natanzi billed 18.5 hours at a rate of $600.00 per hour for the following tasks:

- Initial case discussions with attorney and preliminary file review. - 2 hours
- Review of the medical literature (2/5/23) - 2 hours
- Review of records (2/5-7/23) - 7 hours
- Report write up (2/8-9/23) - 6.5 hours
- Final report and revisions - 2/20 – 1 hours [sic.]

Ex. 69 at 33.

First, Dr. Natanzi's work has most recently been compensated at a rate of $520.00 per hour. *See, e.g.*, *Morris v. Sec'y of Health & Human Servs.*, No. 19-1570V, 2025 WL 2442874, at *3 (Fed. Cl. Spec. Mstr. June 30, 2025); *Delio v. Sec'y of Health & Human Servs.*, No. 18-1001V, 2025 WL 1291593, at *10 (Fed. Cl. Spec. Mstr. Apr. 2, 2025); *Johnson v. Sec'y of Health & Human Servs.*, No. 20-1008V, 2024 WL 5375811, at *3 (Fed. Cl. Spec. Mstr. Nov. 22, 2024); *Cramer v. Sec'y of Health & Human Servs.*, No. No. 19-1954V, 2024 WL 4044505, at *3 (Fed. Cl. Spec. Mstr. May 24, 2024); *Peka v. Sec'y of Health & Human Servs.*, No. 20-1099V, 2023 WL 9288151, at *4 (Fed. Cl. Spec. Mstr. Dec. 20, 2023). Although Dr. Natanzi's report contributed in part to Ms. Mishica's receipt of compensation, his work in this case did not merit, nor does Petitioner argue, that his work warrants a rate increase. Accordingly, I will reimburse Dr. Natanzi for the hours billed at his previously awarded rate of $520.00 per hour. This results in a reduction of $**1,480.00**.[3]

Additionally, per the Guidelines for Practice Under the National Vaccine Injury Compensation Program, "[t]he application for payment of experts' fees and costs must contain the same supporting documentation that is required for attorneys' fees and costs. In particular, the expert's services must be identified with particularity in contemporaneous, dated records indicating the amount of time spent on each task . . . **With regard to attorneys' fees and experts' fees, the particular tasks for which fees are claimed, the amount of time spent on that task, the person who performed the task, and that person's billed hourly rate must be identified in contemporaneous, dated records**." *See* Guidelines for Practice Under the National Vaccine Injury Compensation Program at 75-78 (emphasis added).[4]

---

[3] ($600 - $520) x 18.5 hrs. = $1,480.00

[4] The guidelines for Practice Under the National Vaccine Injury Compensation Program can be found at: https://www.uscfc.uscourts.gov/sites/cfc/files/vaccine_guidelines.pdf.

Although Dr. Natanzi provided his hourly rate, the number of hours billed, and a general description of the work he performed, the vague billing frustrates my ability to assess the reasonableness of the hours billed. Specifically, Dr. Natanzi's invoice does not indicate the specific date and character of each task performed, or the number of hours (or fraction thereof) expended for each task. When a date was indicated, in some instances Dr. Natanzi provided a date range grouped into a single entry, instead of a discrete date assigned to a specific task. Nevertheless, in this case I will reimburse these expert-related costs in full. Petitioner's counsel should be aware that any future requests for experts' costs may result in a curtailed award if the supporting documents do not meet the Vaccine Program's requirements.

The remainder of the attorneys' costs are typical administrative costs incurred in the Vaccine Program. Petitioner is therefore awarded final attorneys' costs of $11,227.90.

Finally, petitioner states that personal costs were incurred in the amount of $362.16. *See* Ex. 70. Petitioner has provided adequate documentation supporting the requested cost and she is awarded the full amount requested.

## II.    Conclusion

In accordance with the Vaccine Act, 42 U.S.C. § 300aa-15(e) (2012), I have reviewed the billing records and costs in this case and finds that petitioner's request for fees and costs is reasonable. I find it reasonable to compensate petitioner and her counsel as follows:

1. **A lump sum in the amount of $146,977.60, representing reimbursement for petitioner's attorneys' fees and costs, to be paid through an ACH deposit to petitioner's counsel's IOLTA account for prompt disbursement.**

2. **A lump sum in the amount of 362.16, representing reimbursement for petitioner's personal costs, to be paid through an ACH deposit to petitioner's counsel's IOLTA account for prompt disbursement.**

In the absence of a motion for review filed pursuant to RCFC Appendix B, the Clerk of the Court shall enter judgment in accordance herewith.[5]

　　　　IT IS SO ORDERED.

<u>s/Daniel T. Horner</u><br>
Daniel T. Horner<br>
Special Master

---

[5] Entry of judgment can be expedited by each party's filing of a notice renouncing the right to seek review. Vaccine Rule 11(a).